Carrie ELEAZAR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15067.

United States Court of Appeals Ninth Circuit.

Dec. 11, 1956.

Warren A. Taylor, Warren Wm. Taylor, Fairbanks, Alaska, for appellant.

George M. Yeager, U. S. Atty., Philip W. Morgan, Asst. U. S. Atty., Fairbanks, Alaska, for appellee.

Before HEALY, ORR and FEE, Circuit Judges.

PER CURIAM.

Carrie Eleazar appeals from her conviction in the District Court for the District of Alaska, after a trial by jury, of the misdemeanor charged by information of keeping a bawdy house for the purpose of prostitution at a defined location in Fairbanks. Based upon the verdict of guilty, the court imposed a sentence of imprisonment for three months and suspended two months thereof until the further order of the court.

■ A careful reading of the transcript indicates that there is no substance in the assignments that the verdict was (a) contrary to the evidence, or (b) not supported by substantial evidence, or that the District Court erred (c) in denying the motion for acquittal, and (d) in denying the motion for a new trial.

The bad reputation of the premises as a house of assignation was clearly proved. There was indirect proof of acts of prostitution in the house. It was circumstantially proved the defendant knew of such acts, solicited such business and profited thereby. It was shown that such house was frequented by prostitutes and by men who were apparently attracted by them. This evidence was sufficient to corroborate the proof of this reputation.

There is an attack upon the testimony of a witness who testified to many of these acts and circumstances. The familiar charge was made in the motion for bail that the prosecutor knowingly used perjured testimony. The witness was a man who worked for his keep in and about the place during the occupancy of defendant. The charge is based upon the fact that this witness had given two statements, one under oath, repudiating as false a previous affidavit given to the Deputy United States Marshal. But these repudiating statements were introduced in evidence. At the insistence of defendant, the affidavit given to the Deputy United States Marshal was also introduced. This document fully corroborated the testimony given by this witness on the stand. Besides, it was proved that this witness had voluntarily placed himself in protective custody of the United States Marshal forty-five days before he gave his testimony, apparently through fear of defendant or her sympathizers.

■ There is an assignment relating to two instructions given by the trial court, one defining prostitution and the other setting forth evidence required to establish that a house is, in fact, bawdy. But at the trial the defense took no exception thereto. The theory of the defense was that prostitution itself was not a crime in Alaska at the date of the conduct complained of[1] and therefore the information did not state a crime. However, keeping a bawdy house has been denounced by the statutes of Alaska, and this distinction is of ancient origin.[2] The keeping of a bawdy house was a misdemeanor at common law,[3] whereas fornication and prostitution were not.[4]

■ The defense complains of unlawful search and seizure, which was raised by motion before the trial. The search and seizure was as a result of the arrest on warrant of defendant on

1. Prostitution was made a misdemeanor by Alaska Session Laws (1955), ch. 104, passed on March 25, 1955.

2. Alaska Comp.Laws Anno. (1949) § 65–9–13, which statute has been in effect since at least 1913.

3. See Holmes v. United States, 50 App. D.C. 147, 269 F. 489, 491, 12 A.L.R. 427; 2 Wharton's Criminal Law (1932), § 1722.

4. See Pollard v. Lyon, 91 U.S. 225, 227, 23 L.Ed. 308, fornication; Bailey v. United States, 69 App.D.C. 25, 98 F.2d 306, prostitution.

the premises and was therefore lawful. The only article so taken which was introduced in evidence was a hotel register required to be kept by law, as all the lawyers in the case agree.[5] As to the other articles taken, if the rights of defendant have been violated, she may have other recourse, but, since these objects were not introduced in evidence and no reference was made to them at trial, there is no point upon which appeal may be maintained. It is possible that the hotel register may be regarded as "evidentiary material" rather than an "instrumentality,"[6] and therefore its seizure and introduction might be subject to question if it were not for its character. It is difficult to see what purpose or effect this piece of evidence had. In any event, a hotel register is not kept in a private dwelling, but must be in a place to which the officers have access. The register was a public document and evidence of its contents could have been introduced in the case in any event. The register was introduced by the government on cross-examination of defendant after complete identification by her thereof as the public document which was required to be kept. While it is improper to introduce documents on cross-examination, counsel for defendant objected only on the ground of incompetency, irrelevancy and immateriality. There was no objection at the time that the register had been seized contrary to law. If such objection were conceived to be valid, it was waived.

The record shows that the trial of defendant was fair and impartial. The contentions were submitted to the jury based upon the evidence. The charge was full and complete. No exception was taken to any portion thereof by defendant. The verdict of the jury under such circumstances should be upheld.

The conviction is affirmed.

---

5. Ordinance of the City of Fairbanks. Compare Alaska Comp.Laws Anno. (1949) § 35–2–161, requiring boarding houses outside incorporated cities to maintain a register.

---

6. See Harris v. United States, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399.