Joseph C. SAN NICOLAS, Appellant,

v.

GOVERNMENT OF GUAM, Appellee.

No. 18713.

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1963.

---

**782**

Palting & Grover and G. Wilbert Grover, Agana, Guam, for appellant.

Harold W. Burnett, Atty. Gen. of Territory of Guam, and Leon D. Flores, Island Atty., Territory of Guam, Agana, Guam, for appellee.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM.

This is an incredible appeal. It largely cites textbook references or Guam Code sections to prove to us that defendant's guilt must be proved beyond a reasonable doubt; that there exists a presumption of innocence (Guam Penal Code § 1096); that the testimony of an accomplice requires corroboration (Guam Penal Code § 1111); and that a trial court *may* acquit a defendant if there is insufficient evidence to warrant a conviction (Guam Penal Code § 1118).

The temptation in dealing with such a poor attempt at an appeal is to punish the lawyer by dismissing it. This actually punishes his client, however, and we are unwilling to do that.

We therefore have carefully read the complete transcript and evaluated all evidence produced against defendant. We have considered the care and skill with which the matter was tried by the trial court.[1]

We likewise have carefully examined the instructions given the jury. We find defendant had a fair trial.

1. As an example, we quote the remarks of the court when defendant's motion to dismiss was made after the government's case was finished: (Tr. vol. III, p. 99).

"THE COURT: Well, at this stage, of course the Government has shown that a crime was committed. There have been independent witnesses who testified that both of these defendants were present and active participants in the commission of the crime. There is the written statement from Mr. San Nicolas that he was a participant. There is the oral statement by Mr. Benavente that he was a participant in the commission of the crime. The only thing that I would like to direct to the attention of both the prosecution and the defense is that in Guam there is a law which, of course, is somewhat different from the standard application in the Federal Courts. Now ordinarily in the Federal courts the testimony of an accomplice can be received and even conviction obtained upon the testimony of that accomplice, so long as the jury is warned that such testimony should be looked upon with suspicion. Now the law in Guam, in accordance with the local code, taken from California, provides that 'A person may not be convicted upon the uncorroborated testimony of an accomplice.' I simply raise that so counsel can bear it in mind when we reach the point of discussing the instructions. At this stage, the motion to dismiss for lack of proof is denied * * *."

Defendant was informed against, with three codefendants, in two counts—count I charging burglary, and count II grand theft. By an amended information, charges against two of his three original codefendants were omitted. Defendant was convicted by a jury on count I, and found not guilty on count II.

On or about October 9, 1962, the Seventh Day Adventist Mission was burglarized. Appellant was arrested at 11:55 p.m. on either October 8 or 9, 1962, and confessed at 3:55 a. m. on either October 9 or 10, 1962, signing a written confession. (Ex. 1). At the trial he repudiated his confession, and claimed an alibi as a defense.

Appellant urges as error:

(1) Insufficiency of evidence to justify his conviction.

(2) Error in the improper foundation laid for the admission of the confession.

(3) That the testimony of accomplices was uncorroborated.

(4) That defendant's confession was uncorroborated.

(5) That the jury improperly deliberated in the law library.

(6) There were errors in the admission of hearsay evidence.

## I

### *Improper Foundation for Confession*

■ No objection was made at the time the confession was introduced into evidence, although there had been *voir dire* examination of the police officer by defendant's counsel. No question of lack of foundation can thus now be raised. Although no direct testimony exists that the confession was voluntary, the evidence as to how it was taken fully justified the jury to infer it was voluntarily made, without promise of favor or reward. No further foundation than that laid was required.

## II

### *Uncorroborated Testimony of Accomplices*

■ Jesus P. Perez testified three times that the crowbar (Ex. 3) was placed in his car by defendant San Nicolas, at Perez' home, in order "to touch somebody's property." (Tr. vol. III, p. 31) Apparently this language is Guamanian colloquialism for "stealing." Perez transported the four individuals originally named as defendants to the Naval Station, for the purpose of burglarizing a place other than the Seventh Day Adventist premises, but let them out of the car prior to any burglary, and never rejoined them. "I know that too hot for me, so I turn back." (Tr. p. 24) Perez, if believed, was not a defendant charged with the crime, nor could he have been involved because he established he abandoned the scheme to steal, and was at the Satellite Inn after he let the defendants out at 1:00 a. m., and at no time did he aid the burglary charged against defendant. The burglary of the Seventh Day Adventist premises was a spur-of-the-moment matter. Perez was not an accomplice in it. Perez also identified the broken screwdriver found at the scene of the burglary as his screwdriver, last seen unbroken on the back seat where the defendant sat the evening before the burglary. This physical evidence and testimony of Perez corroborated both the accomplices' testimony and the defendant's confession, and both became admissible.

## III

### *Other Alleged Errors*

■■ We find no error in permitting the jury to deliberate in the library room, under the peculiar circumstances of this case and the site of the trial. This court can take judicial notice of the physical facts surrounding the holding of court in Guam. Nowhere is it urged that any juror looked at the inside of any law book.

■■ We likewise find no reversible error in the admission of testimony, nor any error in instructions. Defendant's claimed alibi merely presented an issue of fact for the jury, and if disbelieved by the jury, the guilt of the defendant was clearly established by a heavy preponderance of the evidence.

The conviction by the jury is affirmed.