Benjamin Franklin **TOLAND**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19928.

United States Court of Appeals Ninth Circuit.

Aug. 12, 1966.

Benjamin Franklin Toland, in pro. per.

John W. Bonner, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before CHAMBERS, POPE and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment sentencing appellant to a term of imprisonment following his conviction upon a charge of interstate transportation of a stolen motor vehicle (18 U.S.C. Sec. 2312). Appellant makes two points on this appeal. His assertion that the evidence was insufficient to support a conviction, cannot be sustained. It would serve no useful purpose for us to outline the proof made. We hold the evidence sufficient.

The other point made is based upon the admission of certain testimony by an arresting officer relating to a conversation with the accused as he was being booked at the county jail. Appellant asserts that this was evidence of an admission or confession made while he was in custody, and since the witness's testimony admitted that he had not warned the accused that anything he said could be used against him, it was error to receive this evidence because of the rule announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The testimony referred to was as follows:

"Q. What happened at the County Jail, if you recall?

A. Well, he was booked under the name of Harold Lee Shoemaker and upon completion of the booking, he signed his name accordingly, Harold Lee Shoemaker and it was at this time that I had these exhibits with me at this time and I laid the title out in front of him in the name of a Wanda Sue Shoemaker. It was signed on the bottom of the title, and I just asked outright, I said, 'Doesn't this look a little bit like your handwriting?' and he said, 'What do you mean, let me see it.' I laid it down, the title down and the booking sheet side by side and he said, 'Yes, I guess it does.'

Q. Now, Detective Ray, I show what has been marked for identification purposes as Plaintiff's Exhibit 6 and ask if you recognize that?

A. This is it, or a copy of it, what we call a blue copy of the booking sheet, which the officer uses for his report, signed by Harold Lee Shoemaker.

Q. Did you observe that signature being made on the original?

A. Yes.

Q. And being made by the defendant here Mr. Toland?

A. Yes.

Q. And where is the original of that?

A. The original was destroyed when Mr. Shoemaker was rebooked under the name of Benjamin Franklin Toland.

\* \* \* \* \* \*

A. Prior to this, prior to the rebooking, I took the defendant into my office for questioning and this was after he signed the original booking sheet under the name of Harold Lee Shoemaker and I brought him up to my office and through interrogation he admitted that this was not his real name, this Harold Lee Shoemaker, he admitted his real name was Benjamin Franklin Toland.

Q. You have testified, Detective Ray, as to some interrogation. Now, whether or not there is any statement made by you to the defendant prior to the interrogation?

A. Well, as far as exact wording, that anything he said would be held against him in a courtroom, I did not word it to this effect."

 Since Escobedo was decided June 22, 1964, and appellant's trial began October 30, 1964, he would be entitled to assert rights under that decision if he chose to do so, and made a record accordingly. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966).

It is clear that appellant may not make this point on this appeal. He was represented by court appointed counsel at his trial. When this evidence was offered and received no objection was made thereto. It is not at all clear that the statement made by appellant at the police station amounted to an admission or confession. Counsel, in making no objection, may well have considered the evidence harmless or actually not prejudicial, since ultimately the jury would have the opportunity to make the comparison of signatures for themselves.

But assuming that the statement made by the defendant in the police station was an admission or confession, it is settled that "[f]ailure to make objection to evidence either before or at trial precludes consideration of objections thereto on appeal unless good cause for such failure is shown." Bouchard v. United States, 9 Cir., 344 F.2d 872, 875. San Nicolas v. Government of Guam, 9 Cir., 325 F.2d 781, 783; Ramey v. United States, 118 U.S.App.D.C. 355, 336 F.2d 743, 744; Lucas v. United States, 8 Cir., 343 F.2d 1; United States v. Vanover, 7 Cir., 339 F.2d 987; Anthony v. United States, 9 Cir., 256 F.2d 50, 54; Eleazar

v. United States, 9 Cir., 241 F.2d 385, 387, 16 Alaska 561. No "good cause" is shown here.[1]

Accordingly, we hold that appellant's claims of error are without merit. The judgment is affirmed.

---

1. An instance of what might constitute "good cause" is mentioned in the Court's discussion of the Westover case in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966). In its footnote 69, the Court said: "The failure of defense counsel to object to the introduction of the confession at trial, noted by the Court of Appeals and emphasized by the Solicitor General, does not preclude our consideration of the issue.

Since the trial was held prior to our decision in Escobedo and, of course, prior to our decision today making the objection available, the failure to object at trial does not constitute a waiver of the claim." See, e. g., United States ex rel. Angelet v. Fay, 333 F.2d 12, 16 (C.A.2d Cir. 1964), aff'd, 381 U.S. 654, 85 S.Ct. 1750, 14 L.Ed.2d 623 (1965). Cf. Ziffrin, Inc. v. United States, 318 U.S. 73, 78, 63 S.Ct. 465, 87 L.Ed. 621 (1943).