198 So.2d 213 (1967)
Aaron HENRY
v.
STATE of Mississippi.
No. 42652.
Supreme Court of Mississippi.
April 17, 1967.
Suggestion of Error Overruled May 15, 1967.
Jack H. Young, Jackson, Frank D. Reeves, Washington, D.C., Robert L. Carter and Barbara A. Morris, New York City, Raymond Brown, Jersey City, N.J., for appellant.
*214 Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice:
In response to the request of the Supreme Court of the United States given to us in Henry v. State of Mississippi, 379 U.S. 443, 446, 85 S.Ct. 564, 566, 13 L.Ed.2d 408 (1965), returned to this Court by an opinion in which the Supreme Court said: "We vacate the judgment of conviction and remand for a hearing on the question whether the petitioner is to be deemed to have knowingly waived decision of his federal claim when timely objection was not made to the admission of the illegally seized evidence", we now make the following report.
A hearing has been held; a record has been made, and from the entire record of the proceedings in this case, we have reached the conclusion that the defendant, Aaron Henry, and his attorneys, did knowingly and consciously waive objection to the testimony obtained by the search of his automobile. with the permission of his wife, as to his rights under the Mississippi Constitution and the Constitution of the United States.
A brief review of the history and proceedings of the Henry case, which began as an ordinary misdemeanor proceeding in a justice of the peace court, but which has now become a national issue upon the question of state judicial proceedings, may be helpful in understanding the posture of the case as it now exists.
The defendant Henry was convicted in the Justice of the Peace Court of Bolivar County, Mississippi, upon a charge of disorderly conduct. The case was appealed to the county court, and tried de novo. The defendant was again convicted, and from this conviction, he appealed to the circuit court upon the record made in the county court. The circuit court affirmed the judgment of the county court, and defendant appealed to the Supreme Court of Mississippi. In this Court, it was discovered that certain evidence against the defendant was obtained by an officer who was permitted to look into the locked automobile belonging to the defendant while it was at rest in his front yard, at a time when the officer did not have a search warrant and did not have permission of the defendant. We were of the opinion that this testimony was illegally obtained. At that time, Mississippi had a procedural rule requiring that one who desired to object to the introduction of illegally obtained testimony must do so at the time when the tainted testimony was offered in evidence. We did not find in the record that the defendant or his attorneys offered any objection to this testimony, during or after the trial, but we were of the opinion that his attorneys were out-of-the-state lawyers who did not know procedural requirements in the trial of cases in this State; therefore, in an effort to give the defendant a full and fair hearing, we entered an opinion reversing the case for a new trial. On Suggestion of Error, however, it was determined that the defendant was not only represented by out-of-state lawyers but also by competent local attorneys. Moreover, the prosecution offered in its Suggestion of Error to dismiss the charge against the defendant, if the attorneys for the defendant would file an affidavit stating that they were unaware that they were required to object to the introduction of inadmissible evidence at the time it was offered. No such affidavit was filed, and being of the opinion that it was necessary in the prosecution of cases to have some sort of procedure by which cases could finally be determined, we withdrew the first opinion and entered an opinion and order affirming the conviction of the defendant. It was obvious to this Court at the time that in fact no objection was made to the testimony at any time during the trial, and therefore if the attorneys were aware that it was necessary to object to the testimony in the defense of their client, they obviously for some reason, did not want to make an objection to the introduction of the evidence during the trial, and thus could not be heard to object on appeal to this Court.
*215 The record will reflect (and it is admitted) that neither the defendant nor his attorneys made any objection to the introduction of the tainted evidence at any time before or at the time the testimony was offered by the prosecution. Moreover, the defendant's attorneys cross-examined the witness fully on this evidence so as to bring out all matters with reference to the search of defendant's automobile. It was not until after the State had concluded its case that attorneys for the defendant indicated that they were in any respect unhappy with the evidence as to the search of the automobile, and then no motion was made to exclude the evidence, nor in any manner was objection made to its introduction. They only requested that the defendant be discharged and acquitted, because, they contended, the State had not made out its case. The attorney for the defendant made the following motion:
"We're going to make a motion, your Honor, for a directed verdict. We are going to base our motion on several grounds. * * * Secondly, we contend that the warrant having been issued and the testimony of this Mr. Collins on the stand to the effect that after he had placed this man under arrest, he then proceeded to go and search his car, and clearly this is in violation of his rights under the Fourth Amendment, and it is unlawful search and seizure so the evidence that they have secured against this defendant is illegal and unlawful." (Emphasis supplied.)
It was obvious to us that the foregoing motion was not a motion to exclude the evidence, but rather was an argument to the court that the evidence as a whole in the case did not make out a case against the defendant, assuming the evidence was inadmissible. It is simply a motion for a directed verdict.
When the testimony for the State and for the defendant had been concluded, one of the attorneys for the defendant again made a motion. He said:
"Your Honor, at this time at the close of the case we want to make a motion for a directed verdict. We base it on the grounds and the reasons which we set forth in our motion for a directed verdict at the close of the State's case. We make it now at the close of the entire case on those grounds and on the grounds that the evidence has not shown beyond any reasonable doubt under the law that the defendant is guilty of the charge. We therefore make a motion for a directed verdict at this time." (Emphasis supplied.)
Here again, it will be noted that the defendant's attorneys made no motion to exclude the testimony with reference to the search of defendant's automobile, nor did he request that the court exclude the evidence and direct the jury that the evidence had been excluded. He simply made a motion for a directed verdict of acquittal. The trial court had two alternatives. The judge could have sustained the motion and discharged the defendant, or he could have overruled it. He overruled the motion.
After the jury had returned the verdict, the defendant made a motion for a new trial. The attorneys sought a new trial upon the ground, among others, that "(T)he court erred in overruling defendant's motion for a directed verdict after the State had rested its case." (Emphasis supplied.) Here again, there is no motion or suggestion that the court should have excluded the evidence with reference to the search of defendant's automobile, but rather, that the trial court should have directed a verdict in favor of the defendant. There was no objection to the evidence complained of by the defendant or motion to exclude it from the consideration of the jury at any place in the record during the trial or at any other time.
The Supreme Court of the United States, in its opinion in the Henry case, however, said:
"But on the record before us it appears that this purpose of the contemporaneous-objection *216 rule may have been substantially served by petitioner's motion at the close of the State's evidence asking for a directed verdict because of the erroneous admission of the officer's testimony. For at this stage the trial judge could have called for elaboration of the search and seizure argument and, if persuaded, could have stricken the tainted testimony or have taken other appropriate corrective action. For example, if there was sufficient competent evidence without this testimony to go to the jury, the motion for a directed verdict might have been denied, and the case submitted to the jury with a properly worded appropriate cautionary instruction." 379 U.S. at 448, 85 S.Ct. at 568. (Emphasis supplied.)
The trial court obviously thought that there was sufficient evidence to go to the jury and to affirm the verdict. We certainly thought there was sufficient evidence to sustain a jury conviction. A trial judge in Mississippi cannot instruct the jury on any subject except at the request, in writing, of the parties. The pertinent part of Mississippi Code Annotated section 1530 (1956) is as follows:
"The judge in any cause, civil or criminal, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence; but at the request of either party he shall instruct the jury upon the principles of law applicable to the case."
If the trial judge were to interpose an objection to evidence on behalf of the defendant in criminal cases, he would often severely interfere with the defendant's counsel in his effort to develop trial strategy and would possibly do defendant more harm than good. We pointed out in Henry v. State, 253 Miss. 263, 285, 174 So.2d 348, 350 (1965): "However, the trial judge could have stricken the evidence and advised the jury verbally not to consider the evidence introduced." The defendant did not ask the court to exclude the evidence, and apparently did not want it stricken. What he wanted was to be acquitted because the evidence was introduced without his objection.
When this case came back to this Court from the United States Supreme Court, we established a new rule of procedure. Henry v. State, supra. This rule is similar to the federal rule in which the defendant is permitted to petition the court to strike out illegal evidence before the trial, or to object at the time the evidence is introduced. We then directed the trial court to have a hearing as to whether or not Aaron Henry intentionally waived his right to object to the search of his automobile.
The trial judge who heard the original case recused himself and another trial judge was called in to hear the evidence as to the limited issue presented by the United States Supreme Court.
Without detailing the testimony, the evidence showed that at the time the officer was testifying with reference to the search of the automobile, an attorney for defendant stood up and another attorney for defendant pulled him down and whispered to him. No objection was made. It will be recalled that during the original trial, the young prosecuting witness, testifying in answer to the question "Did you have an occasion to know anything else that might  pecularity about this automobile while in it?" said "Yes, Sir. I asked him if he minded if I smoke and he said `no'. I didn't have any matches, so I went to push the cigarette lighter in and it didn't work and so I didn't have a light so I didn't smoke." Thereafter a certain witness by the name of Willie Singletary, Jr. was introduced by the defendant to show that he had repaired the cigarette lighter in the Henry automobile, but on redirect examination it developed that the cigarette lighter had been replaced on March 3rd. It was after this witness testified that the defendant's attorneys became unhappy with *217 the evidence as to the search of defendant's automobile.
At the hearing, on the question as to whether or not there was a waiver by the defendant or his attorneys, the State called one of the defense attorneys who was present at the original trial, but the trial court restricted his evidence to matters "extrinsic of the record." Objection was made to any communication between the defendant and the witness, upon the ground that it was confidential communication between a client and his attorney. The State attempted to recall Aaron Henry as a witness but his attorneys objected upon the ground that it might tend to incriminate him. The State then offered to show the questions the prosecution would have asked defendant had he been permitted to take the witness stand. It is apparent that the defendant and his attorneys would not  even at the hearing to determine whether or not they waived their objection  now claim that they did not know the procedural rule of Mississippi and that they did not waive their right to object to the evidence when it was introduced.
The trial judge was of the opinion that the State did not meet the burden of showing that the defendant waived his objection to the evidence, but we do not agree with this determination. The trial judge, in this instance, acted as a facility or agent for this Court for the purpose of developing the evidence, as we are permitted to do by Mississippi Code Annotated section 1960 (1956). The burden is upon this Court to determine whether or not we are satisfied that the defendant or his attorneys deliberately waived defendant's right to object to the testimony with reference to the search of his automobile. Neither the defendant nor his attorneys asked the court to strike the evidence. No objection has ever been made to this evidence. The defendant simply wanted to be released because his attorneys knowingly permitted the evidence to be introduced without objection.
In the Henry case, the Supreme Court of the United States suggested that the actions of defendant's counsel was a strategic move, and stated that if that were true, it would be binding on defendant. The Court said:
"The evidence suggests reasons for a strategic move. Both the complaining witness and the police officer testified that the cigarette lighter in the car did not work. After denial of its motion for a directed verdict the defense called a mechanic who had repaired the cigarette lighter. The defense might have planned to allow the complaining witness and the officer to testify that the cigarette lighter did not work, and then, if the motion for directed verdict were not granted, to discredit both witnesses by showing that it did work, thereby persuading the jury to acquit. Or, by delaying objection to the evidence, the defense might have hoped to invite error and lay the foundation for a subsequent reversal. If either reason motivated the action of petitioner's counsel, and their plans backfired, counsel's deliberate choice of the strategy would amount to a waiver binding on petitioner and would preclude him from a decision on the merits of his federal claim either in the state courts or here. Although trial strategy adopted by counsel without prior consultation with an accused will not, where the circumstances are exceptional, preclude the accused from asserting constitutional claims, see Whitus v. Balkcom, 333 F.2d 496 (C.A. 5th Cir.1964), we think that the deliberate bypassing by counsel of the contemporaneous-objection rule as a part of trial strategy would have that effect in this case." 379 U.S. 451, 452, 85 S.Ct. 569, 13 L.Ed.2d 414, 415 (1965).
Our finding that counsel deliberately waived the right to object to the illegal evidence is based on a view of the case in total perspective. The facts and circumstances of the original trial must be considered *218 along with the evidence adduced at the hearing on the determination of whether there was a waiver. In summary, when the illegal evidence was offered during the original trial, there was no objection, and, as already stated, counsel for defendant did not give the trial court an opportunity to rule out the evidence which was found by the officers in the search of defendant's automobile. Counsel for defendant, in effect, asked the trial court to enter a directed verdict and thus acquit the defendant. Counsel had everything to gain and nothing to lose, for, if the directed verdict had followed his motion, the case would have ended; and if overruled, he would have the advantage of impeaching the officers concerning the condition of the cigarette lighter found in the search, (which they attempted to do), and thus have an opportunity to persuade the jury to acquit. If the jury failed to acquit, counsel would have (if their present position is upheld) a foundation for reversal. Even on the motion for a new trial, following defendant's conviction, no mention was made of the evidence obtained by the search, although it could be contended the motion did so indirectly.
We find as a fact that the State met the burden of proving that defendant's counsel deliberately waived objection to the evidence as a strategic move. In the absence of any attempt whatever to rebut the compelling inference that the failure to object was deliberate, our finding is that there was a waiver. The State produced all the evidence it had, and that evidence points clearly to a "waiver." All evidence to the contrary is within the sole possession of defendant and his counsel. They have not been willing to reveal what really took place at defendant's end of the counsel table. They should not now be heard to say that there was no waiver.
We therefore report to the Supreme Court of the United States that we are of the opinion, and so find, that the defendant, Henry, acting through his attorneys, deliberately intended to bypass any objection the defendant had to the searching of his automobile by the officer. If this case were again before us, we would reaffirm our former opinion and judgment.
All Justices concur.

SEPARATE OPINION
I have heretofore written the opinions and the report to the Supreme Court of the United States in the Henry case, in the tenor and language suggested by the Supreme Court of Mississippi. I feel, however, that I should point out in a separate opinion some authorities which have influenced my thinking, and which I have submitted to the other Members of the Mississippi Supreme Court. I offer these authorities, not in an effort to advise the Supreme Court of the United States as to the law in the case, but rather to show the body of the law on which we based our determination that the defendant had, in fact, waived his right to object.

BEFORE HENRY V. MISSISSIPPI (1965).
Prior to the decision in the Henry case (Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408-1965), the universal rule throughout the United States, in State and Federal Courts, was to the effect that the failure to object to evidence illegally seized was considered a waiver of the right to object. I cite here some of the cases from the various Federal Courts: United States v. Lutz, 81 U.S.App.D.C. 274, 142 F.2d 985 (1944); Skiskowski v. United States, 158 F.2d 177 (1946); Sang Soon Sur v. United States, 9 Cir., 167 F.2d 431 (1948); Metcalf v. United States, 6 Cir., 195 F.2d 213 (1952); Eleazar v. United States, 16 Alaska 561, 241 F.2d 385 (1956); Brennan v. United States, 8 Cir., 240 F.2d 253 (1957); United States v. Sheba Bracelets, Inc., 2 Cir., 248 F.2d 134 (1957); O'Dell v. United States, 10 Cir., 251 F.2d 704 (1958); Moreland v. United *219 States, 10 Cir., 270 F.2d 887 (1959); Sandoval v. United States, 10 Cir., 285 F.2d 605 (1960); Isaacs v. United States, 8 Cir., 301 F.2d 706 (1962); Westover v. United States, 9 Cir., 342 F.2d 684 (1965); Stanfield v. United States, 10 Cir., 350 F.2d 518 (1965).

SINCE THE HENRY CASE
There are many interesting articles written by law professors, law editors, and students, upon the rule in the Henry case. A few of them are listed below: The Inadequate State Ground by Alfred Hill, Professor of Law, Columbia University, Columbia L.Rev., Vol. 65:943, No. 6 (June 1965); (This is a very comprehensive article.) The Supreme Court, 1964 Term, by Paul J. Mishkin, Professor of Law, University of Pennsylvania Law School, Constitutional Law, Adequate State Ground, Contemporaneous Objection Rule, Harvard L.Rev., Vol. 79:56, at p. 117. Federal Jurisdiction  Non-Federal Ground Rule, North Carolina L.Rev., Vol. 43, at p. 988, by Ronald W. Howell (1965). Federal Court Procedure, Texas L.Rev., Vol. 987 (1965), by Darryl M. Springs. Search and Seizure * * * Waiver (Supreme Court decisions), American Bar Association Journal, Vol. 51, at p. 375 (1965).
It is respectfully suggested that the rule in the Henry case is more stringent than the rule in the Federal Courts over which the Supreme Court of the United States has supervisory jurisdiction.
Rule 41(e) of the Federal Rules of Criminal Procedure permits the defendant to make a motion for the return of illegally seized evidence prior to the trial, but it is said: "(T)he court in its discretion may entertain the motion at the trial or hearing." (p. 213) Note 104, Title 18, United States Code Annotated (1961) at page 273, cited under this Rule, sets out many cases wherein it is recognized that timely objection to evidence obtained by an unlawful search must be made by the defendant prior to the trial where he had ample opportunity to do so. There are many cases holding that the filing of a motion on the first day of the trial was untimely. See Supplementary Note 113 at page 111. United States v. Nicholas, 319 F.2d 697, cert. den. 84 S.Ct. 337, 375 U.S. 933, 11 L.Ed.2d 265 (U.S.Ct. App.2nd Cir.), (N.Y. 1963).
In an effort to coordinate our procedure with that of the Federal Court on a method of securing to the defendant an adequate hearing as to the exclusion of tainted evidence, we adopted a rule similar to Rule 41 (e) of the Federal Rules of Procedure. Henry v. State, 253 Miss. 263, 174 So.2d 348, 351 (1965).
Many state courts across the Nation have reexamined their rules of procedure since the Henry case, and have retained the requirement that a contemporaneous objection be made to the tainted evidence.
In the case of In Re Sterling, 63 A.C. 509, 47 Cal. Rptr. 205, 208, 407 P.2d 5, 8 (1965), Chief Justice Roger Traynor points out that California has adequate procedural rules to meet the requirement of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and states: "Failure to exercise these readily available remedies will ordinarily constitute such a deliberate bypassing of orderly state procedures as to justify denial of federal as well as state collateral relief."
In the case of Nelson v. People of State of California, Cal., 346 F.2d 73 (1965), (218 Cal. App.2d 359, 32 Cal. Rptr. 675  1963), the United States Court of Appeals for the 9th Circuit delivered a comprehensive opinion analyzing, expanding and elucidating upon the rule in the Henry case. The Court pointed out in the Nelson case that although the search of the defendant's apartment was made without a search warrant, Nelson was represented by a Deputy Public Defender of Los Angeles County, and this counsel objected to the testimony on the ground that it was "immaterial." The objection was sustained and was not further explored. There was no objection made at any time during the trial to the effect that the evidence was *220 obtained by an illegal search in violation of the defendant's constitutional rights. The Court pointed out that unless the objection is raised in the trial court under the law of California, it cannot be raised on appeal. The defendant contended upon appeal that the trial court erred because it did not conduct an evidentiary hearing to determine whether or not the search was illegal. The appellate court pointed out that the Federal Court was required to make an independent investigation of constitutional issues of fact, and that the District Court had concluded that the defendant had deliberately bypassed the right to make an objection. The Court then analyzed Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), and compared it with Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and concluded in Nelson:
"We think that Henry limits Fay v. Noia at least to this extent  that it stands for the proposition that counsel's decision, although made `without prior consultation with an accused,' to by-pass the contemporaneous-objection rule as part of trial strategy, will nevertheless `preclude the accused from asserting constitutional claims.'" 346 F.2d at 81.
Many state and federal cases have cited the Henry case and pointed out that under the same or similar facts and circumstances set out therein, the attorney for the defendant waived and bypassed the right to object to the evidence of an alleged violation of a known constitutional right. See: Commonwealth ex rel. Mullenaux v. Myers, 421 Pa. 61, 217 A.2d 730 (1966), (failure to object to confession); State v. Tahash, 141 N.W.2d 3 (1966), (Minn. 1965); Commonwealth v. Kulik, 420 Pa. 111, 216 A.2d 73 (1966), (dissenting opinion); Commonwealth ex rel. Adderley v. Myers, 418 Pa. 366, 211 A.2d 481 (1965); Commonwealth ex rel. Fox v. Maroney, 417 Pa. 308, 207 A.2d 810 (1965), (failure to object to confession). In the case of Jones v. State, 388 S.W.2d 429, 430 (1965), (Texas Ct. of Crim.App.), the Court said: "This Court has consistently held that in the absence of a timely objection, complaint as to the receipt of evidence on the ground that it was illegally obtained is waived." See the many opinions written prior to the Henry case collected under 23A C.J.S. Criminal Law § 1060 b., Note 46 at page 8 (1961); 24 C.J.S. Criminal Law § 1678(4) p. 1194 (1961); 53 Am.Jur. Trial 117 § 134 (Time of Objection) (1945).
I am therefore of the opinion that the defendant and his attorneys did not object to the tainted evidence during the original hearing, and that this failure was a deliberate bypass. I am fortified in this conclusion because of the efforts made by the attorneys for the defendant on the rehearing to prevent the court from determining whether or not the defendant intended to object to the tainted evidence. Moreover, the great weight of authority requires a contemporaneous objection to evidence sought to be excluded.