UNITED STATES of America,
Appellee,

v.

Jimmie Herman KILGORE, Appellant.

No. 23848.

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1969.

Frederick L. Hetter, III, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., Shelby R. Gott, Asst. U. S. Atty., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and THOMPSON, District Judge.*

ELY, Circuit Judge:

In the first two counts of a three-count indictment, Kilgore was charged with two offenses relating to his alleged transportation of certain drugs across the Mexican border into the United States. 18 U.S.C. § 545; 19 U.S.C. § 1459. In the third count he was charged with having forcibly interfered with a federal officer while the latter was engaged in the performance of his official duties. 18 U.S.C. § 2231. In a non-jury trial, Kilgore was acquitted of the offense charged in the third count and convicted of each of the two offenses alleged, respectively, in the first two counts. He appeals from the judgments of conviction.

Kilgore makes only one contention in support of his appeal, and he rests this contention principally upon Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). We have concluded that we cannot analogize the facts which are here presented with those which were before the Supreme Court in *Gilbert* and *Wade;* hence, we affirm.

The drugs in question were discovered during a border search of a rented vehicle which, at the time of its entry into the United States, was occupied by two persons, one male and one female. These individuals were first observed at the border by Immigration Inspector Robert J. Herrenbruck, an experienced officer who had then been employed by the immigration authorities for twenty-six years. After Inspector Herrenbruck had been told by the male occupant that the vehicle had been rented and that the key to the trunk had been lost, a so-

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

called secondary inspection followed. In this inspection, the vehicle was searched by Customs Inspector Welsh, who discovered the contraband. The vehicle occupants were also observed at the secondary inspection station by one Emory, who, because of illness, could not be present during the trial.

The trial commenced on September 24, 1968. Prior thereto, on April 15, 1968, Inspector Herrenbruck had been shown two photographs of the appellant. These pictures were presented to Herrenbruck by a customs agent named Ahern, and Herrenbruck identified the photographs as depicting the driver of the vehicle in question. Subsequently, during the trial, Inspector Herrenbruck appeared as a witness for the prosecution and, over objection, positively identified Kilgore as having been the driver of the vehicle at the time of the search and seizure.

It is insisted that Herrenbruck's in-court identification of Kilgore was corrupted because of his having been shown the appellant's photographs on April 15, 1968, and that the objection to his identifying testimony should have been sustained.

In Simmons v. United States, 390 U. S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court reviewed both the psychology of pretrial identification procedures and the pertinent law. The Court pointed out that on many occasions, the effectiveness of criminal investigations could depend on prompt identification of suspects. If a later challenge is made to in-court identification on the ground that the witness' testimony is tainted by his pretrial identification of the accused, then the inquiry becomes whether, under the "totality of circumstances," the prior identification might likely have been made erroneously as a result of improperly suggestive techniques. Here, the officer whose identifying testimony was challenged was a qualified observer with much experience. There is no indication that he was subjected to suggestive influence or that his identification of Kilgore's photographs was corrupted in any manner. In open

court, he identified Kilgore as having been the driver of the automobile at the time in question, and this identification finds corroboration in the testimony of a rental car agency employee to the effect that it was Kilgore who rented the particular automobile shortly before the offenses were committed. The appellant's counsel was afforded all reasonable latitude in his cross-examination of the identifying officer. We therefore hold that Kilgore's case is beyond the reach of *Gilbert* and *Wade*. *See* Anderson v. United States, 406 F.2d 770 (9th Cir. 1969).

Affirmed.