Lee Kizzee **ANTHONY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 25458.

United States Court of Appeals, Ninth Circuit.

Oct. 28, 1970.

Timothy R. Nibler (argued), of Lerrigo, Thuesen & Thompson, Fresno, Cal., for appellant.

Dwayne Keyes, U. S. Atty., Richard V. Boulger (argued), Asst. U. S. Atty., Fresno, Cal., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and JAMESON *, District Judge.

PER CURIAM:

Lee Kizzee Anthony appeals from the judgment entered upon a verdict finding him guilty of the third count of a five count indictment charging him with uttering and publishing a counterfeit twenty dollar bill (18 U.S.C. § 472).[1] We affirm. The principal issue presented is whether the identification procedure followed by the Government at the trial so undermined the reliability of the identification of Anthony as the person who passed the counterfeit bill as to violate due process.[2]

██ The Government called as one of its witnesses a clerk in a liquor store, Maria Chavez, who had accepted the counterfeit bill. However, when she was unable to make an in court identification of Anthony, the District Attorney excused her from the courtroom and called a police officer who identified a photograph as one taken of Anthony on the day the bill was passed.[3] The photograph was received in evidence without objection.[4] The District Attorney then recalled Maria Chavez who testified that the person pictured was the one who passed the bill.[5]

---

* Honorable W. J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

1. Count One charged Anthony with possession of counterfeit bills; Counts Two through Four charged him with uttering and publishing four different twenty dollar bills (the fifth count was dismissed before trial).

2. Appellant's attack on the sufficiency of the evidence to sustain the verdict is patently without merit.

3. Consistent with the witness' identification testimony, the photograph showed Anthony wearing a beard and mustache. At the trial he was clean shaven.

4. Normally failure to object to the introduction of evidence at the trial precludes consideration of the objection on appeal unless good cause is shown. Toland v. United States, 365 F.2d 304 (9th Cir. 1966). Since there may have been some doubt as to the basis for an objection to the identification procedure, we reach the issue.

5. The witness testified that she had never seen the picture before. We note that in an identification procedure involving

■ The introduction of the photograph (identified by the police officer as a standard "mug" photo taken by the police department) was necessitated by the inability of the witness to identify Anthony at the trial and did not constitute prejudicial error. Dirring v. United States, 328 F.2d 512 (1st Cir. 1964), cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052; *See also,* United States v. Robinson, 406 F.2d 64 (7th Cir. 1969), cert. denied, 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 243. Judged by the totality of circumstances, the identification procedure followed by the Government was not necessarily suggestive nor was it conducive to mistake. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). Anthony was protected from irregularities in the identification procedure at all times by the presence of his counsel and the trial judge.

photographs, it is of course more effective if the photograph to be identified is placed with others so that the identification by the witness is unaided by the receipt of only one photograph. 3 Wigmore, Evidence § 786(a), p. 162 (3rd ed. 1940).