UNITED STATES of America,
Plaintiff-Appellee,

v.

Rodney Merle FOWLER, Defendant-Appellant.

No. 26097.

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1971.

Peter J. Hughes, of Sheela, Lightner, Hughes & Castro, San Diego, Cal. for defendant-appellant.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Rodney Merle Fowler appeals his conviction on two counts charging him with smuggling and transporting 132 pounds of marijuana from Mexico. 19 U.S.C. §§ 1459, 1461; 21 U.S.C. § 176a. We reverse because the pre-trial photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification.

Fowler admits that the marijuana in question was concealed in the automobile he drove across the border. His defense was that the automobile belonged to one Ellis whom Fowler had earlier accompanied on a trip from Los Angeles to Mexicali. When Ellis informed Fowler that he would be unable to return as planned he told Fowler to drive Ellis' car back to Los Angeles. It was on the return trip that the marijuana was discovered and Fowler was arrested.

Customs officers investigating the matter found that the car had been purchased in Los Angeles two days before in the name of Harold Ellis. The address given, however, was essentially fictitious and was that of a drug store where Ellis was unknown. The identity of the person who had purchased the car was thus of some importance.

After having arrested Fowler and placed him in custody, the investigating officers ultimately went to the used car lot where the car had been purchased. They spoke with the car salesman, Va-

lencio, and showed him two photographs of Fowler, taken on the night of his arrest. No other photographs were displayed. The salesman indicated that the man pictured was the one who had bought the car in the name of Ellis.

Valencio testified for the prosecution at Fowler's trial. He was initially shown the photographs of Fowler which he had previously seen and directed to the fact that his signature was on the back of each. He then testified as to his pre-trial identification of Fowler from these photographs. Following his testimony on the pre-trial identification, Valencio was asked to identify the purchaser in court and he pointed to Fowler.

■ First, we must decline the invitation to follow the Third Circuit's ruling in United States v. Zeiler, 427 F.2d 1305 (3d Cir. 1970), to the effect that there is a right to counsel at a pre-trial photographic identification proceeding. This circuit, as well as the Second, Fifth, Seventh and Tenth Circuits, has ruled otherwise. See United States v. Williams, 436 F.2d 1166 (9th Cir. 1970). We adhere to that ruling.

■ That there is no right to counsel at such pre-trial photographic identification proceedings does not mean that due process cannot be violated at that stage. In short, we are convinced that the use of a single photograph under these circumstances "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Valencio's testimony on the pre-trial identification was the direct result of this impermissibly suggestive procedure and "only a *per se* exclusionary rule as to such testimony can be an effective sanction * * *." Gilbert v. California, 388 U.S. 263, 273, 87 S.Ct. 1951, 1957, 18 L.Ed. 1178 (1967).

Since Fowler had already been arrested, this is not a case where the suspect was still at large and a photographic identification was not only mandatory but a matter of some urgency. Nor is this case like Anthony v. United States, 433 F.2d 952 (9th Cir. October 28, 1970) where the in-court photographic identification was made necessary by a substantial change in the appearance of the defendant between the time of the offense and the time of trial.

The cases relied upon by the government miss the point in that they involve the question of the ability of a witness to identify a defendant in court where the witness did not testify as to his pre-trial identification and where the facts amply demonstrated an independent basis for the in-court identification. See, e. g., United States v. Kilgore, 418 F.2d 225 (9th Cir. 1969).

We are not suggesting that the government is required to conduct a lineup if the suspect has been arrested. There is no reason why proper photographic identification cannot be used if the rights of the accused are fully protected. What was said in Mason. v. United States, 134 U.S.App.D.C. 280, 414 F.2d 1176, 1182 (1969), is fully applicable here:

"No urgent need for immediate action prevented [the investigating officer] from taking the small trouble to bring several similar photos with him."

The error here is clearly not harmless. The evidence of guilt, while legally sufficient to sustain a jury verdict, is far from overwhelming. Fowler's employer testified that Fowler was in Seattle on the day the car was purchased in Los Angeles and a handwriting expert testified that, in his opinion, the signatures on the purchase documents were not written by Fowler.

Reversed.