**Preston R. GRIFF, Plaintiff-Appellant,**

v.

**C. J. FITZHARRIS, Superintendent, California Adult Authority, Defendant-Appellee.**

**No. 71–1419.**

United States Court of Appeals, Ninth Circuit.

Nov. 17, 1971.

---

Preston R. Griff, in pro. per.

Mark L. Christiansen, Deputy Atty. Gen., San Diego, Cal., for defendant-appellee.

Before TRASK, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

In January 1968, a man resembling Preston Griff purchased two suits and paid for them with two checks which were later returned for insufficient funds in violation of California Penal Code, § 476a(a). The primary issue at trial was identification of Griff as the person who cashed the checks.

A handwriting expert testified that Griff's signature matched the signatures on the forged checks. In addition, the prosecutor called six witnesses for the purpose of personally identifying Griff. However, because he had shaved his mustache, lightened his hair and lost considerable weight since the date of the crime, Griff was identified at trial by only one eye-witness, Mrs. Marvin.

On cross-examination, Mrs. Marvin revealed that she had previously identified Griff at the preliminary hearing. Prior to the hearing, Mrs. Marvin walked into the courtroom, pointed to Griff and said to another witness, "That is the man, isn't it?"

Each of the other eye-witnesses was shown a photograph of Griff taken immediately after his arrest and asked if the person in the photograph was the man who cashed the checks. Each responded that he was.

Defense counsel cross-examined all eye-witnesses regarding the deficiencies of their identification, but did not object to the admission of their testimony. The jury found Griff guilty.

The California Court of Appeals affirmed the conviction and the California Supreme Court denied a petition for hearing. Griff filed the instant habeas corpus petition. Based on a full examination of the state court transcript, pursuant to 28 U.S.C. § 2254(d), the district court denied Griff's petition. He appeals from that denial. We affirm.

Griff argues that the use of a single photograph to identify him at trial "was so unnecessarily suggestive and conducive to irreparable mistaken identification" as to deny him due process of law. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Fowler, 439 F.2d 133 (9th Cir. 1971).

In Anthony v. United States, 433 F.2d 952 (9th Cir. 1970), we upheld the use of a single photograph to identify the accused after a witness was unable to make an in-court identification because of a substantial change in appearance.

Griff also contends that the confrontation between himself and Mrs. Marvin immediately preceding the preliminary hearing was a denial of due process under the Stovall standard.

A significant factor in the confrontation at issue was that the meeting was inadvertent and not arranged by the government. See United States v. Jackson, 448 F.2d 963 (9th Cir. 1971). No one informed Mrs. Marvin that Griff

would be in the courtroom when she walked in. Her spontaneous identification under these circumstances is not so inherently unreliable as to taint her in-court identification. In this regard, it is noteworthy that the other witness who was present at the inadvertent confrontation was still unable to identify Griff at trial, before being shown his photograph. The *Stovall* standard has not been violated here.

The order denying the application for a writ of habeas corpus is affirmed.