Richard Florentino TAFOYA, aka Robert Peralta Herrera, Petitioner-Appellant,

v.

Frank A. EYMAN, Superintendent, Arizona State Prison, Respondent-Appellee.

No. 26461.

United States Court of Appeals,
Ninth Circuit.

Feb. 28, 1972.

Andrew Silverman (argued), Tucson, Ariz., for petitioner-appellant.

Roderick A. Dietz, Asst. U. S. Atty. (argued), Gary K. Nelson, Ariz. Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before TRASK and CHOY, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Richard F. Tafoya appeals from an order of the district court denying a petition for a writ of habeas corpus by a state prisoner.

On February 17, 1967, the Greyhound Bus Depot in Tucson, Arizona, was robbed by an undisguised gunman. There were five eyewitnesses to the robbery. Adams, a depot employee, delivered the money through the cashier's window to the robber who held a gun on Julie Pedro with his left hand while holding her with his right. He threatened to kill her if the money was not delivered. Barnes, another employee, Ambrose and Antone looked on. Barnes, Adams and Pedro were within a few feet of Tafoya. Ambrose and Antone were only a little farther away. Several minutes elapsed while Adams was delivering the money and the robber was putting it into a paper bag. All five witnesses had excellent opportunity to see him. All five made oral statements to the police that night. Adams and Barnes gave detailed descriptions to the police and together assisted a police artist in making a composite drawing of the robber.

A few days after the robbery, Adams and Barnes were shown over 100 photographs by police but could not identify the robber in any of them. (Tafoya's photograph was not among those pictures.) In May 1967, after appellant was taken into custody on another charge, Adams and Barnes again looked at four or five photographs, including two of the appellant and both identified the pictures of Tafoya as the robber.

On September 26, 1967, Adams and Barnes again identified the appellant as the robber, after sitting in a courtroom where the appellant, wearing blue prison clothes, and ten others were being arraigned. The officer who accompanied the witnesses did not know the identity of the robber. They were not told he would be there or where to look for him among the numerous persons present. Adams walked out first and told the officer that the appellant was the man who committed the holdup. Mrs. Barnes later made the same identification. No attorney had yet been appointed or retained by appellant.

The other three eyewitnesses to the robbery identified appellant as the robber from a group of three photographs including two of the appellant. Subsequently the three observed appellant on the first day of his trial for a few min-

* Honorable William M. Byrne, Sr., United States District Judge for the Central District of California, sitting by designation.

utes without the knowledge of appellant's attorney.

At trial, Adams and Barnes made in-court identifications of Tafoya as the robber, and testified to their earlier identifications. The three other eyewitnesses also made-in-court identifications and were cross-examined concerning their photograph identification and visual identification on the day before they testified. Appellant was convicted entirely upon the eyewitnesses' testimony.

In affirming appellant's conviction, the Arizona Supreme Court determined that the post-information observation of appellant was not at a "critical stage" of the prosecution requiring the presence of counsel and that the admission of testimony regarding the pretrial visual identification was harmless beyond a reasonable doubt. State v. Tafoya, 104 Ariz. 400, 454 P.2d 145 (1969).

The district court reviewed the state court record and concluded that "the record as a whole indicates clearly and convincingly that these in-court identifications had a source independent from the challenged line-up." Tafoya v. Eyman, 315 F.Supp. 204, 209 (D.Ariz. 1970). The trial court also held upon the question of harmless error, the untainted evidence identifying Tafoya as the robber was harmless beyond a reasonable doubt. *Id.* at 210. We affirm.

■ We have held on several occasions that the accused has no right to the presence of counsel at the time of an out-of-court photographic identification whether he is in custody or not. United States v. Fowler, 439 F.2d 133 (9th Cir. 1971); United States v. Williams, 436 F.2d 1166 (9th Cir. 1970), cert. denied, 402 U.S. 912, 91 S.Ct. 1392, 28 L.Ed.2d 654 (1971); Allen v. Rhay, 431 F.2d

1160 (9th Cir. 1970).[1] The appellant requests that we overrule those decisions. His argument in support of that position is not persuasive and we decline to do so.

■ Were it a matter of an original attempt to confirm a doubtful or difficult identification, the difference between a formal line-up and an "informal" visual identification such as took place here, would constitute a thin line between the *Wade*[2] rule and identification upon notice and with counsel. The circumstances here, however, lend themselves more easily to the conclusion of the court below that the personal visual identifications were in any event harmless error. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The robber wore no disguise; his suspicious actions attracted the attention of several of the witnesses even before the criminal activity began; the facial confrontation was direct and over a period of several minutes and his physical characteristics could be carefully observed by five eyewitnesses. Their reports and statements to the police were immediate while the events were fresh in their minds. They were able to assist a police artist to draw a composite likeness. Adams and Barnes correctly rejected over 100 photographs of suspects. When Tafoya was in custody on another charge, both witnesses immediately picked him out on photographic identification. There was apparently no division of opinion among any of the witnesses as to identity. Irrespective of any possible taint in the pretrial physical identification, we agree with the trial court and affirm.

The judgment is affirmed.

Norscio v. United States, 397 U.S. 971, 90 S.Ct. 1086, 25 L.Ed.2d 265 (1970).

2. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

1. The fact that there were two photographs of Tafoya in some of the showings does not in itself establish a lack of due process. *See* United States v. Cunningham, 423 F.2d 1269 (4th Cir. 1970); United States v. Ballard, 423 F.2d 127 (5th Cir. 1970); United States v. Baker, 419 F.2d 83 (2nd Cir. 1969), cert. denied, De