**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Dario HERNANDEZ, aka; David Hernandez, Jr.; Dario Delgado; Dario Santillan, Defendant—Appellant.**

**No. 04–10067.**

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted May 10, 2005.*

Decided June 17, 2005.

Frederick A. Battista, AUSA, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Gloria Torres, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Dario Hernandez was convicted of being a felon in possession of two firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals the district court's denial of a motion to suppress evidence seized from his residence pursuant to a search warrant. He contends that the detective who sought and obtained the warrant authorizing the search of his residence recklessly included false statements of material fact in and omitted material facts from the supporting affidavit in violation of *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). We agree.

The record reflects that the detective (1) incorrectly reported the rental agent's description of the renter of the Dodge Caravan; (2) equated the description of the renter with Hernandez's description in a false and misleading manner; (3) overstated the strength of Officer Honomichl's identification of Hernandez; and (4) gave the false impression that Officer Honomichl positively identified Hernandez within

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"moments" of the incident. The detective also omitted the following facts: (1) the owner of the rental car agency could not make a positive identification of Hernandez after seeing his picture in a photo lineup; (2) the rental agent failed to identify Hernandez *even after* he was specifically selected by the detective for identification; (3) Hernandez was stopped by police for a traffic violation in Tempe 12 minutes prior to the time of the rental of the Dodge Caravan in Mesa; (4) neither Mr. nor Mrs. Michael Leal could make a positive identification of Hernandez; (5) Hernandez had multiple contacts with police in December, 2002, and during these contacts Hernandez was always cooperative with them; and (6) the police conducted surveillance of his residence, and Hernandez was never seen in or near a Dodge Caravan. In light of the above, we hold that the detective made misstatements of material fact in, and omitted material facts from, the affidavit.

The questions of intent and reckless disregard for the truth remain. There was no evidence presented at the suppression hearing that the detective intended to mislead the magistrate judge who issued the warrant, although the extent of the affidavit's shortcomings and the manner in which some of the "facts" were depicted might well support such a finding. We need not decide that question, however, because the misstatements and omissions are such that we are compelled to conclude that the affidavit was prepared with a reckless disregard for the truth. *See Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674; *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir.1998).

We next decide "whether the affidavit, once corrected and supplemented, would provide a magistrate with a substantial basis for concluding that probable cause existed." *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir.1985) (as amended)

(citation omitted); *see also Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674. In light of the modifications to the affidavit necessitated by the misstatements and omissions identified above, a finding of probable cause is dependent *entirely* upon the reliability of Officer Honomichl's identification and, in particular, upon whether that identification is sufficient to support such a finding.

The Supreme Court has held that identification procedures similar to those used in this case are violative of due process. *See Foster v. California*, 394 U.S. 440, 442–443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) (observing that the identification was "all but inevitable" under the circumstances). *See also Simmons v. United States*, 390 U.S. 377, 383–84, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *United States v. Bagley*, 772 F.2d 482, 493 (9th Cir.1985); *United States v. Fowler*, 439 F.2d 133, 134 (9th Cir.1971). We likewise conclude that the totality of the circumstances surrounding Officer Honomichl's identification render his identification inadequate to support a finding of probable cause. The motion to suppress should have been granted.

REVERSED AND REMANDED.

Judge FERNANDEZ concurs in the result.