Louis Cuen **TAYLOR, Arizona State Prison Inmate No. 31176, Appellant,**

v.

Harold **CARDWELL, and the Attorney General of the State of Arizona, Appellees.**

No. 77–2432.

United States Court of Appeals, Ninth Circuit.

July 3, 1978.

As Amended Aug. 3, 1978.

Rehearing Denied Aug. 18, 1978.

---

Howard A. Kashman (argued), Lieberthal & Kashman, Tucson, Ariz., for appellant.

Stefani J. Gobroy, Deputy Atty. Gen. (argued), Phoenix, Ariz., for appellees.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and FIRTH *, District Judge.

GOODWIN, Circuit Judge:

Taylor was convicted in state court of twenty-eight counts of murder resulting from an arson-caused hotel fire in Tucson, Arizona, in December 1970. After the Arizona Supreme Court affirmed his conviction, *State v. Taylor*, 112 Ariz. 68, 537 P.2d 938 (1975), he filed this petition for a writ of habeas corpus.

The district court denied the petition without an evidentiary hearing. We vacate that judgment and remand for an evidentiary hearing on the voluntariness of certain statements Taylor made during an early morning stationhouse interrogation.

Taylor was present in the hotel when the fire was discovered, soon after midnight. He stayed, helping in the rescue efforts, until it was extinguished. Hotel employees had found Taylor standing near the source of the flames, and he told them that he had seen two boys fighting and that they started the fire.

After the fire was out, an employee told the police about Taylor's statement. The officers took Taylor to the police station for questioning. After a while, inconsistencies in Taylor's story caused the police to believe he might have set the fire. Around 3:05 a. m. the officers read him his *Miranda*[1] rights. He agreed to continue talking. Questioning, which became heated at times, continued until 7:00 a. m., when Taylor took a lie detector test.

Taylor was sixteen and a half years old. He had an extensive juvenile record. He had no contact with outsiders except for two phone calls which he made around 6:00 a. m. Seven policemen and a fire inspector questioned him in relays. He never said anything that directly implicated himself, but his changing descriptions of what he had seen spun a web of suspicion around his presence at the hotel.

The attempts in state court to exclude Taylor's statements from his trial emphasized alleged *Miranda* violations. While the state trial judge said the statements were voluntary, his analysis went to the *Miranda* issue and did not deal fully with voluntariness as a separate issue. The majority and minority on the Arizona Supreme Court divided on the voluntariness issue, but in that court the disagreement was about what the facts meant rather than about what the facts were. 537 P.2d at 950-52, 960-65. No state court explicitly "found" the facts relevant to the voluntariness of Taylor's statements and these crucial facts remain in dispute.

While Taylor's counsel emphasized the voluntariness issue apart from the *Miranda* issue in memoranda to the district court, the district court again rested its decision on the adequacy of the *Miranda* warnings. The court did not try to reconstruct the state court's implied findings of fact, nor did it make its own findings on voluntariness based on the state court record or on its own hearing. Without factual findings, the district court could not accurately address the question whether the state courts had applied the proper legal standard.

The district court must accept state court findings of historical fact if they were made after a full and fair hearing and if they have substantial support in the record. If, as here, there are no such findings on a material issue, the district court must try to reconstruct them from the state court's legal holding and to make its own findings if

* Honorable Robert Firth, United States District Judge for the Central District of California, sitting by designation.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

it cannot adequately do so. Ordinarily, the court should conduct an evidentiary hearing for this purpose.

While federal courts defer to proper state findings of historical fact, the federal court itself must determine the legal effect of these facts, and it must apply the proper federal legal standard in doing so. 28 U.S.C. § 2254(d); *Townsend v. Sain,* 372 U.S. 293, 309 n.6, 312–13, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Stone v. Cardwell,* 575 F.2d 724 at 726–727 (9th Cir. 1978); *Pierce v. Cardwell,* 572 F.2d 1339, 1342 (9th Cir. 1978). Here, there were factual issues about voluntariness apart from the sufficiency of the *Miranda* warnings. We must return the case to the district court so that it may follow through with a decision on the facts concerning alleged duress and overreaching apart from the *Miranda* warning.[2]

Taylor makes other federal claims, but none justifies habeas relief. The Arizona standards for transfer from juvenile court to adult court are somewhat general but they state the relevant areas for the juvenile court to consider. We are not prepared to hold that they are unconstitutional as applied in this case. The juvenile court, after prodding by the Arizona Court of Appeals, made detailed findings explaining its decision to transfer. *In the Matter of Anonymous,* 14 Ariz.App. 466, 484 P.2d 235, 242–43 (1971). We assume that the court's findings and decision genuinely explained the juvenile court's action and were not *post hoc* rationalizations. The Supreme Court requires standards primarily to make appellate review effective. *Kent v. United States,* 383 U.S. 541, 561, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). If the standards are vague, adequate findings can flesh them out. They did so here.

A key witness against Taylor gave an unsworn statement after the trial that his testimony had been false and that the prosecutor knew it was false. However, in a posttrial hearing he swore that his testimony was true. The state court found that the prosecution did not knowingly use perjured testimony. The district court appropriately accepted this finding of a historical fact; none of the grounds for rejecting it applies.

Taylor asserts that other prosecutorial misconduct deprived him of a fair trial, but he does not show specifically how the prosecutor's actions prejudiced him. His allegations therefore do not call for habeas relief.

Vacated and remanded.

---

2. The district court carefully considered the voluntariness of Taylor's waiver of his *Miranda* rights and found the waiver to be voluntary. That finding was not sufficient, however, to resolve the issues before the court. *Miranda* establishes prophylactic rules to make the voluntariness of custodial statements more likely. It does not establish an irrebuttable presumption that all statements that comply with its rules are voluntary. Taylor's claim is that the circumstances surrounding his interrogation, including events after his *Miranda* waiver, made his statements involuntary under traditional standards. *See, e.g., Townsend v. Sain,* 372 U.S. 293 (1963); *Rogers v. Richmond,* 365 U.S. 534 (1961). Under those standards, a suspect's knowledge of his or her rights is only one factor to be considered in determining the voluntariness of the statements. *Davis v. North Carolina,* 384 U.S. 737, 740–41 (1966). The Supreme Court noted in *Miranda* that extended, isolated custodial interrogation can create psychological pressures that make statements involuntary. 384 U.S. at 455–56. While *Miranda* extended the Court's protection to custodial statements that were not clearly involuntary under traditional standards, 384 U.S. at 457, it certainly did not abolish the traditional analysis. We remand so that the district court may apply traditional standards to Taylor's case.