**Robert MATA, Petitioner-Appellant,**

v.

**George W. SUMNER, Warden of the California State Prison at San Quentin, Respondent-Appellee.**

**No. 78–2636.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 1979.

Decided June 29, 1981.

Rehearing and Rehearing En Banc Denied August 6, 1981.*

---

* SNEED, Circuit Judge, dissenting.

Lennie Stein, San Francisco, Cal., for petitioner-appellant; Dennis P. Riordan, San Francisco, Cal., on brief.

Jamie Jacobs-May, Deputy Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before ELY and SNEED, Circuit Judges, and TAKASUGI,* District Judge.

ELY, Circuit Judge:

This case is again before us, our previous disposition having been vacated and remanded by the United States Supreme Court for further proceedings consistent with its opinion. *See* 611 F.2d 754 (9th Cir. 1979), *mandate stayed*, 446 U.S. 1302, 100 S.Ct. 1630, 64 L.Ed.2d 216 (1980) (Rehnquist, Circuit Justice), *cert. granted*, —— U.S. ——, 100 S.Ct. 3055, 65 L.Ed.2d 1139 (1980), *vacated and remanded*, —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

As the Supreme Court did not quarrel with the merits of our prior decision, *see* 101 S.Ct. at 771–72, we therefore adopt herein all of that opinion insofar as it discussed the merits of the controversy. The only basis for the Supreme Court's action was our neglect in failing explicitly to apply the federal habeas corpus statute, 28 U.S.C. § 2254(d),[1] which requires that

---

\* The Honorable Robert M. Takasugi, United States District Judge, Central District of California, sitting by designation.

1. 28 U.S.C. § 2254(d) provides:

   In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

   (1) that the merits of the factual dispute were not resolved in the State court hearing;

a habeas court ... include in its opinion granting the writ the reasoning which led it to conclude that any of the first seven factors [contained in § 2254(d)] were present, or the reasoning which led it to conclude that the state finding was "not fairly supported by the record."

101 S.Ct. at 771.

Having received additional briefing by the parties, we now seek to fulfill the "congressional mandate" of 28 U.S.C. § 2254(d), essential to the "smooth functioning" of our federal system and the alleviation of "friction between state and federal courts." Mindful of the Court's admonition, and the example of *Taylor v. Lombard,* 606 F.2d 371, 372, 375 (2d Cir. 1979), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1346, 63 L.Ed.2d 781 (1980),[2] we have again reviewed the state court record as a whole and have made our own independent legal determination.

In "full awareness" of § 2254(d), we conclude that our original legal conclusions[3] were correct. We do not dispute the state court's factual record *per se.* Thus, the explicit presumption of correctness of state court findings of *fact* embodied in § 2254(d), absent a conclusion by a reviewing federal court that (a) one of the seven enumerated factors exists, (b) "such factual determination is not fairly supported by the [state court] record,"[4] or (c) that the habeas applicant has established by "convincing proof that the factual determination by the

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

**2.** *See* 101 S.Ct. at 769. *See also Reardon v. Manson,* 644 F.2d 122, 127–30 (2d Cir. 1981); *Rivera v. Harris,* 643 F.2d 86, 97–98 (2d Cir. 1981).

**3.** We concluded earlier, as we do on remand, that, in the totality of the circumstances, the photographic identification procedures were so impermissibly suggestive "that there was a grave likelihood of irreparable misidentification," 611 F.2d at 758, and that the admission of the in-court identifications by Government witnesses Rigoberto Almengor and Jay Allen, predicated on the photographic display, was a violation of due process of law protected by the Fourteenth Amendment. *See* 611 F.2d at 759–60 & n.3. *Accord, United States v. Fowler,* 439 F.2d 133, 134 (9th Cir. 1971). *See generally Manson v. Brathwaite,* 432 U.S. 98, 113–14, 97 S.Ct. 2243, 2252–2253, 53 L.Ed.2d 140 (1977); *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *United States v. Crawford,* 576 F.2d 794, 797–98 (9th Cir.) (per curiam), *cert. denied,* 439 U.S. 851, 99 S.Ct. 157, 58 L.Ed.2d 155 (1978); *United States v. Pheaster,* 544 F.2d 353, 369–71 (9th Cir. 1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977); *United States v. Calhoun,* 542 F.2d 1094, 1104–05 (9th Cir. 1976), *cert. denied sub nom. Stephenson v. United States,* 429 U.S. 1064, 97 S.Ct. 792, 50 L.Ed.2d 781 (1977); *United States v. Valdivia,* 492 F.2d 199, 209–10 (9th Cir. 1973), *cert. denied,* 416 U.S. 940, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974).

**4.** 28 U.S.C. § 2254(d)(8).

State court was erroneous," [5] is not invoked in this case. We disagree with the state court over the *legal and constitutional significance* of certain facts.

■ Neither the 1966 amendments to § 2254(d) nor the Supreme Court's opinion in this case alters the basic—indeed, fundamental—distinction between state court findings of fact, which are presumed correct under § 2254(d), and conclusions of law, which are not. *See Cuyler v. Sullivan*, 446 U.S. 335, 341–42, 100 S.Ct. 1708, 1714–1715, 64 L.Ed.2d 333 (1980) (state court holding that lawyers had not undertaken "multiple representation" is not a "basic, primary, or historical fact," but a mixed determination of law and fact that requires the application of legal principles to "historical facts"; that holding does not fall within § 2254(d) and is open to review on collateral attack in a federal court); *Townsend v. Sain*, 372 U.S. 293, 309 n.6, 310–18, 83 S.Ct. 745, 755 n.6, 755–760, 9 L.Ed.2d 770 (1963); [6] *Brown v. Allen*, 344 U.S. 443, 497–508, 73 S.Ct. 397, 441–447, 97 L.Ed. 469 (1953) (separate opinion of Frankfurter, J.).[7] *See generally Sumner v. Mata*, —— U.S. ——, 101 S.Ct. 764, 773–74, 66 L.Ed.2d 722 (1981) (Brennan, J., dissenting); *Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 1246–1247, 16 L.Ed.2d 314 (1966); *Baumgartner v. United States*, 322 U.S. 665, 670–71, 64 S.Ct. 1240, 1243–1244, 88 L.Ed. 1525 (1944); Jaffe, *Judicial Review: Question of Law*, 69 Harv.L. Rev. 239, 246–47, 276 (1955); Strong, *The Persistent Doctrine of "Constitutional Fact"*, 46 N.C.L.Rev. 223 (1968).

---

5. *Id.* § 2254(d).

6. In *Townsend v. Sain*, which the Supreme Court noted in *Cuyler* was "the precursor of § 2254(d)," 446 U.S. at 341, 100 S.Ct. at 1714, Chief Justice Warren stated for the majority that "[s]o-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in [the *Brown v. Allen*, 344 U.S. 443, 506, 73 S.Ct. 397, 446, 97 L.Ed. 469 (1953) (separate opinion of Frankfurter, J.)] sense." 372 U.S. at 309 n.6, 83 S.Ct. at 755 n.6. Later, the majority opinion in *Townsend* held that a reviewing federal court "may not defer to [the state court's] findings of law. It is the [federal] judge's duty to apply the applicable federal law to the state court fact findings independently. *The state conclusions of law may not be given binding weight on habeas.*" *Id.* at 318, 83 S.Ct. at 759–760 (emphasis added).

7. Justice Frankfurter's rendition of the history of the habeas corpus action demonstrates that concerns for federalism are more than a century old:

It was not until the Act of 1867 that the power [of federal courts] to issue the writ was extended to an applicant under sentence of a State court. It is not for us to determine whether this power should have been vested in the federal courts. As Mr. Justice Bradley, with his usual acuteness, commented not long after the passage of that Act, "although it may appear unseemly that a prisoner, after conviction in a state court, should be set at liberty by a single judge on *habeas corpus*, there seems to be no escape from the law." *Ex parte Bridges* 2 Woods (5th Cir.), 428, 432.

344 U.S. at 443, 73 S.Ct. at 397 (separate opinion of Frankfurter, J.).

When the record of the State court proceedings is before the court, it may appear that the issue turns on basic facts and that the facts (in the sense of a recital of external events and the credibility of their narrators) have been tried and adjudicated against the applicant. Unless a vital flaw be found in the process of ascertaining such facts in the State court, the District Judge may accept their determination in the State proceeding and deny the application. On the other hand, State adjudication of questions of law cannot, under the habeas corpus statute, be accepted as binding. It is precisely these questions that the federal judge is commanded to decide.

. . . .

Where the ascertainment of the historical facts does not dispose of the claim but calls for interpretation of the legal significance of such facts, the District Judge must exercise his own judgment on this blend of facts and their legal values. Thus, so-called mixed questions or the application of constitutional principles to the facts as found leave the duty of adjudication with the federal judge.

. . . Although there is no need for the federal judge, if he could, to shut his eyes to the State consideration of such issues, no binding weight is to be attached to the State determination. The congressional requirement is greater. The State court cannot have the last say when it, though on fair consideration and what procedurally may be deemed fairness, may have misconceived a federal constitutional right.

*Id.* at 506–09, 73 S.Ct. at 446–447 (citation and footnote omitted).

■ We believe that the "impermissible suggestiveness" of the pretrial photographic identification procedure used in this case is a mixed question of law and fact, freely reviewable by a federal court on habeas. *Cf. Brewer v. Williams*, 430 U.S. 387, 403–04, 97 S.Ct. 1232, 1241–1242, 51 L.Ed.2d 424 (1977) (the question of waiver of defendant's Sixth Amendment rights "was not a question of historical fact, but one which, in the words of Mr. Justice Frankfurter, requires 'application of constitutional principles to the facts as found . . . .' *Brown v. Allen*, 344 U.S. 443, 507, 73 S.Ct. 397, 446, 97 L.Ed. 469 (separate opinion)"); *Neil v. Biggers*, 409 U.S. 188, 193 n.3, 93 S.Ct. 375, 379, 34 L.Ed.2d 401 (1972) (due process claim in habeas action; customary deference to lower court's findings of fact is "inapplicable here where the dispute between the parties is not so much over the elemental facts as over the constitutional significance to be attached to them"); *Brown v. Allen*, 344 U.S. at 507, 73 S.Ct. at 446 ("the question whether established primary facts underlying a confession prove that the confession was coerced or voluntary cannot rest on the State decision").

Cognizant of the important intent and function of § 2254(d) in our federal system, we nonetheless adhere to the reasoning and conclusion of our prior decision. As we stated in *Taylor v. Cardwell*, 579 F.2d 1380, 1383 (9th Cir. 1978), "[w]hile federal courts defer the proper state findings of historical fact, the federal court itself must determine the legal effect of these facts, and it must apply the proper federal legal standard in doing so." Lest the reviewing court "be left to guess" as to our reasons for granting habeas relief notwithstanding the provisions of § 2254(d), we reiterate: As our original analysis indicates, *see* 611 F.2d at 755–57, we substantially agree with the "historical" or "basic" facts adduced by the California Court of Appeal, Fifth Appellate District, in pages 2–4 of its August 4, 1975 opinion. We disagree, however, with the application of the *Simmons* standard—grounded in the due process protections of

the federal Constitution—to the totality of the circumstances of this case. Thus, we *reject* the *legal* conclusion of the state court that "[t]he circumstances . . . indicate the inherent fairness of the [pretrial photographic identification] procedure, and we find no error in the admission of the identification evidence."

■ For the reasons set forth in our original opinion [8] and in this supplemental opinion, we conclude—as we did in the beginning—that Mata is entitled to a new trial without the introduction of constitutionally impermissible evidence against him. Accordingly, the challenged Order of the District Court is reversed. Upon remand, the District Court will hold the Petition in abeyance for a period of ninety days, within which time California's prosecutors may, if they so choose, initiate a new trial against the appellant, a trial in which prosecutorial evidence barred by the federal Constitution will not be introduced.

REVERSED and REMANDED, with directions.

SNEED, Circuit Judge, dissenting:

For the second time in this case I respectfully, and to some degree sorrowfully, dissent.

It is obvious to me that the majority opinion in *Sumner v. Mata*, —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), treated the issue whether the photographic identification was impermissibly suggestive as a finding entitled to the " 'presumption of correctness' which is mandated by the statute [28 U.S.C. § 2254(d)] to the factual determinations made by the California state courts." —— U.S. at ——, 101 S.Ct. at 769. It is equally obvious that Justice Brennan's dissenting opinion in *Sumner v. Mata, supra*, treated the same issue as not entitled to the presumption afforded by section 2254(d) because it was not one of fact but rather one concerning the "constitutional significance of the facts." —— U.S. ——, 101 S.Ct. at 774.

---

**8.** *See* 611 F.2d at 757–60; note 3 *supra*.

Judge Ely, speaking for the majority of this court, has adopted Justice Brennan's characterizations of the issue of impermissible suggestiveness. I cannot join in this disregard of the Supreme Court's authority.

On the merits I would remand this case to the district court to permit Mata another opportunity to rebut the presumption of correctness of the finding of the California Court of Appeal with respect to impermissible suggestiveness. As the record presently stands that presumption has not been rebutted. Presumably the Supreme Court also considered it unrebutted because to conclude otherwise is to characterize their opinion as but an hortatory essay and their remand as a futile act. I cannot join in such characterizations.