UNITED STATES of America ex rel.
Herman BANKS, Petitioner,

v.

Kenneth McGINNIS, et al., Respondents.

No. 82 C 6857.

United States District Court,
N.D. Illinois, E.D.

June 2, 1983.

Herman Banks, pro se.

Neil F. Hartigan, Atty. Gen. by Marcia L. Friedl, Asst. Atty. Gen., State of Ill., Chicago, Ill., for respondents.

## MEMORANDUM AND ORDER

BUA, District Judge.

Herman Banks ("petitioner") was charged with murder in the Circuit Court of Cook County, Illinois.  After a bench trial,

he was found guilty as charged and was sentenced to 25 to 40 years imprisonment. The Illinois Appellate Court affirmed the conviction. *People v. Banks,* 102 Ill.App.3d 877, 58 Ill.Dec. 570, 430 N.E.2d 602 (1st Dist.1981).

After exhausting his state remedies, Banks filed a petition for a writ of habeas corpus with this Court claiming that: (1) the State improperly admitted the testimony of an occurrence witness whose current address or telephone number had not been provided in accordance with pretrial discovery procedures; (2) the trial court's consideration of preliminary hearing testimony was improper; and (3) the State failed to prove him guilty of murder beyond a reasonable doubt. In response, the State ("respondent") has filed a motion for summary judgment unsupported by affidavits.

After a careful review of the Illinois Appellate Court's factual determinations, this Court grants respondents' motion for summary judgment and denies the writ. This Court's jurisdiction rests upon 28 U.S.C. § 2254 (1976).

## I. SCOPE OF REVIEW

This discussion must begin by noting the limited review power of federal courts in habeas proceedings. A federal court is called upon to make its determinations based on the identical record that was considered at length by the state appellate court. Findings of fact made by a state appellate court are considered "determination[s] after a hearing on the merits" so that they fall within the scope of 28 U.S.C. § 2254(d) (1976).[1] *Sumner v. Mata,* 449 U.S. 539, 546, 101 S.Ct. 764, 768, 66 L.Ed.2d 722 (1981); *United States ex rel. Jones v. Franzen,* 676 F.2d 261, 264 (7th Cir.1982). Consequently, the state appellate court findings are to be afforded a "presumption of correctness" and in the absence of a specific finding that the contested matter falls within the purview of paragraphs (1) through (7) of 28 U.S.C. § 2254(d) (1976), this Court must defer to the state court

---

1. 28 U.S.C. § 2254(d):

In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding, or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record: And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

findings.[2] *Sumner,* 449 U.S. at 547, 101 S.Ct. at 769; *United States ex rel. Ross v. Franzen,* 688 F.2d 1181, 1184 (7th Cir.1982). "If none of those seven conditions were found to exist, or unless the habeas court concludes that the relevant state determination is not 'fairly supported by the record,' 'the burden shall rest upon the applicant to establish by *convincing evidence* that the factual determination by the state court was erroneous.'" *Sumner,* 449 U.S. at 550, 101 S.Ct. at 770 (footnote omitted) (emphasis in original).

Though perhaps unclear at times, there is a material distinction between state court factual determinations, which warrant the "presumption of correctness," and mixed determinations of fact and law, which do not. The Supreme Court stated in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the precursor to Section 2254(d), that the phrase "issues of fact" refers "to what are termed basic, primary, or historic facts; facts 'in the sense of a recital of external events and the credibility of their narrators. . . .'" *Id.* at 309, n. 6, 83 S.Ct. at 755, n. 6, *quoting Brown v. Allen,* 344 U.S. 443, 506, 73 S.Ct. 397, 445, 97 L.Ed. 469 (1953) (opinion of Frankfurter, J.); *United States ex rel. Ross v. Franzen,* 688 F.2d 1181, 1184 (7th Cir.1982). By contrast, in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court held that if the issue is one requiring an application of legal principles to the historical facts of the case, the presumption does not apply and the state court holding is open to review *de novo* in a federal habeas proceeding. *Id.* at 341–42, 100 S.Ct. at 1714. *Cain v. Smith,* 686 F.2d 374, 379–80 (7th Cir.1982).

The Supreme Court's treatment of the *Sumner* case further illuminates this distinction. Initially, *Sumner* focused on the issue of whether pretrial photographic identification procedures employed by the police violated the petitioner's due process rights.

The state appellate court made the following factual determinations: 1) that "the photographs were available for cross-examination purposes at the trial;" 2) that "there . . . [was] no showing of influence by the investigating officers;" 3) "that witnesses had an adequate opportunity to view the crime;" and 4) "that their descriptions . . . [were] accurate." *quoted in Sumner v. Mata,* 449 U.S. at 542, 101 S.Ct. at 766 (1981) (hereinafter referred to as *Mata I*). From these factual determinations, the state appellate court concluded that "[t]he circumstances thus indicate inherent fairness of the procedure, and we find no error in the admission of the identification evidence." *Id.*

After viewing the identical state court record, the Ninth Circuit Court of Appeals made the following factual determinations: "(1) the circumstances surrounding the witness' observation of the crime was such that there was a grave likelihood of misidentification; (2) the witnesses had failed to give sufficiently detailed descriptions of the assailant; and (3) considerable pressure from both prison officials and prison factions had been brought to bear on the witnesses." *Id.* at 543, 101 S.Ct. at 767. From these determinations, the Ninth Circuit concluded that "'the photographic identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *Id.*

On certiorari, the Supreme Court did not take issue with the Ninth Circuit's contrary conclusion, but found that its underlying factual determinations were "considerably at odds" with those made by the California Court of Appeals. The Court remanded the case to the Ninth Circuit either to apply the "presumption of correctness" or to articulate reasons for not doing so.

The Ninth Circuit did neither, concluding that Section 2254(d) was irrelevant because "the 'impermissible suggestiveness' of the

---

2. Congress' reason for adopting the 1966 amendment to 28 U.S.C. § 2254 which resulted in subsection (d) was not only to minimize the "friction" between the state and federal courts, but also to insure "that there will at some point be the certainty that comes with an end to litigation. . . ." *Sumner v. Mata,* 449 U.S. 539, 550, n. 3, 101 S.Ct. 764, 770, n. 3, 66 L.Ed.2d 722 (1981).

pretrial identification procedure used in this case is a mixed question of law and fact, freely reviewable by a federal court on habeas." *Mata v. Sumner,* 649 F.2d 713, 717 (9th Cir.1981).

The Supreme Court once more granted certiorari. It agreed with the Ninth Circuit that "the ultimate question as to the constitutionality of the pretrial identification procedures used in this case is a mixed question of law and fact that is not governed by § 2254.... But the questions of fact that underlie this ultimate conclusion *are* governed by the statutory presumption." *Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982) (emphasis in original) (hereinafter referred to as *Mata II*). In clarifying what it meant by "questions of fact that underlie this ultimate conclusion," the Supreme Court stated:

> "In *Neil v. Biggers,* ... 409 U.S. [188] at 199–200 [93 S.Ct. 375 at 382, 34 L.Ed.2d 401 (1972)] ..., we noted that 'the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' Each of these 'factors' requires a finding of historical fact as to which § 2254 applies. The ultimate conclusion as to whether the facts as found state a constitutional violation is a mixed question of law and fact as to which the statutory presumption does not apply."

*Sumner,* 455 U.S. at 597, n. 10, 102 S.Ct. at 1307, n. 10.

▮ From the foregoing, it is clear that a federal court on habeas must apply the "presumption of correctness" to state appellate court underlying factual determi-

nations, although it may draw different conclusions as to those facts *as found.* On the other hand, the federal court need not be bound by those underlying factual determinations, if it concludes that they are not "fairly supported by the record."[3] Nor need the federal court apply the presumption if one of the first seven statutory exceptions to 28 U.S.C. § 2254(d) is found to exist or if the petitioner establishes by "convincing evidence" that the state court's findings are clearly erroneous. 28 U.S.C. § 2254(d) (1976).

▮ This Court agrees with the state appellate court's underlying factual determinations. Since petitioner has not rebutted these determinations with "convincing evidence" and since none of the statutory exceptions exist, the Court will apply the "presumption of correctness" to these findings and apply the law accordingly.

## II. PETITIONER'S CLAIMS

### A. Pre-Trial Discovery Procedures

Petitioner's objection to the discovery procedures employed in his case is based on the state's failure to disclose the telephone number and current address of one of its occurrence witnesses, thus violating Illinois Supreme Court Rule 412(a)(1). This violation allegedly prejudiced petitioner by causing him to waive his right to a jury trial and by impeding the effectiveness of his cross-examination.

▮ When the government does not affirmatively or in bad faith make a witness unavailable, its conduct does not rise to the level of constitutional violation regardless of prejudicial effect. *United States v. Henao,* 652 F.2d 591, 593 (5th Cir.1981). While the government has a duty to disclose the address of a potential witness upon request absent valid reasons, the burden rests with the defendant to show that he was prejudiced by lack of access to evidence

---

**3.** However, the "high measure of deference" accorded to a State court's factual determinations "requires that a federal habeas court more than simply disagree with the State court before rejecting its factual determinations. In-

stead, it must conclude that the State court's findings lacked even 'fair [ ] support' in the record." *Marshall v. Lonberger,* —— U.S. ——, ——, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983).

"likely to be material to his defense, favorable, and unavailable from other sources." *United States v. Fischel,* 686 F.2d 1082, 1092 (5th Cir.1982).

The state appellate court made the following findings of fact:

> Collier was listed as a witness. There is nothing in the record demonstrating that the defense sought to contact Collier either in Chicago or New York. Defendant was informed that witnesses were to be flown in from other states. Defendant made no showing that the unlisted witness could have been impeached had preparation been afforded; indeed, the State's assertion that Collier's testimony was consistent with the police statement and his preliminary hearing testimony has not been refuted. He was given the opportunity to interview Collier before he testified. Finally, no continuance was sought to further prepare but defendant proceeded to trial.

*People v. Banks,* 102 Ill.App.3d 877, 880, 58 Ill.Dec. 570, 573, 430 N.E.2d 602, 605 (1st Dist.1981).

■ These underlying factual determinations are fairly supported by the record. Petitioner has not rebutted them by convincing evidence. From those facts, there is no indication that the state affirmatively or in bad faith made Collier unavailable, nor is there any showing by the petitioner that he was prejudiced by Collier's testimony. Therefore, this Court concludes that petitioner's right to confrontation was not violated.

■ Petitioner next contends that the State's failure to comply with pretrial discovery procedures rendered his jury waiver invalid. A jury waiver to be valid must be express and intelligent. *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). What constitutes an intelligent decision by a defendant was articulated in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In that case, the Court rejected the defendant's contention that because he pleaded guilty under the incorrect assumption that his sentence of death could be imposed only by a jury, the plea was not intelligent:

> "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case and the likely penalties attached to alternative courses of action."

*Brady,* 397 U.S. at 757, 90 S.Ct. at 1473.

■ The record clearly indicates that at the time petitioner tendered his signed jury waiver to the Court, he was thoroughly admonished of his right to and the nature of a jury trial. The state included Collier's name in its list of potential witnesses and stated before trial that it needed a continuance because witnesses were to be flown in from out-of-state. Indeed, the trial court advised petitioner that he should proceed in the expectation that out-of-state witnesses would appear. Given these underlying facts, this Court cannot say that petitioner's jury waiver was not intelligent merely because "his calculus misapprehended the quality of the state's case or the likely penalties attached to alternative courses of action." Therefore, the Court concludes that petitioner's jury waiver was express, knowing and intelligent.

### B. Preliminary Hearing Testimony

Petitioner contends that the trial court denied him his right to due process when it considered Collier's preliminary hearing testimony (which had not been introduced into evidence) in finding him guilty. The petitioner's claim is based on the Trial Court's statement that Collier's testimony at trial was not impeached by his preliminary hearing testimony.

■ As a general proposition, a habeas corpus action is not considered a proper remedy to correct trial errors or irregularities absent a denial of due process. *Jackson v. California,* 336 F.2d 521, 524 (9th Cir. 1964). To establish a denial of due process

in this regard, the petitioner must prove that the error so fatally infected the trial as to deprive the petitioner of the fundamental fairness mandated by the fourteenth amendment. *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed. 166 (1941).

 The state appellate court found that the trial court did not consider Collier's preliminary hearing testimony for the purpose of determining petitioner's guilt or innocence. Rather, it found that the trial court merely sought to establish whether, because of the state's disregard of discovery rules, the petitioner had been surprised by the content of Collier's testimony at trial, thus entitling him to a new trial. This factual determination is fairly supported by the record and therefore is presumptively correct. Applying the aforementioned legal standards to the facts, this Court concludes that petitioner's right to due process was not violated.

C. Guilt Beyond a Reasonable Doubt

Finally, petitioner contends that the State did not prove his identity as the assailant of Nolan Claire, the victim, beyond a reasonable doubt, because two occurrence witnesses failed to identify him and the third (Collier) had an inadequate opportunity to observe the attacker.

The standard to be applied by a federal court on habeas review in assessing the sufficiency of the evidence supporting a state court conviction was set forth by the Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979):

"[T]he applicant is entitled to habeas relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

The scope of habeas review being limited, the Court must not attempt to fully reevaluate guilt but instead must only determine if a rational fact finder could have found guilt beyond a reasonable doubt. In this regard, it should be noted that "the testimo-

ny of a single uncorroborated witness is generally sufficient to support a conviction." *United States v. Danzey,* 594 F.2d 905, 916 (2nd Cir.1979). Finally, 28 U.S.C. § 2254(d) "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger,* —— U.S. ——, ——, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983).

 The trial court and appellate court both concluded upon the evidence adduced at trial that petitioner was proved guilty beyond a reasonable doubt. This finding is fairly supported by the record. Therefore, this Court believes it must be upheld.

IT IS SO ORDERED.