**UNITED STATES of America ex rel. Albert Claude PARKER, Petitioner,**

v.

**Jim FAIRMAN, et al., Respondents.**

**No. 84 C 2564.**

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1984.

Albert Claude Parker, pro se.

Neil F. Hartigan, Atty. Gen. by Marcia L. Friedl, Mark L. Rotent, Asst. Attys. Gen., State of Ill., Chicago, Ill., for respondents.

## MEMORANDUM AND ORDER

BUA, District Judge.

Following a bench trial in the Circuit Court of Cook County, Albert Parker ("petitioner") was convicted of armed robbery and aggravated battery. The Illinois Appellate Court rejected both petitioner's claims that he was not proven guilty of armed robbery or aggravated battery beyond a reasonable doubt and that the state failed to establish his sanity at the time of the offenses and affirmed the conviction. *People v. Parker*, 116 Ill.App.3d 1172, 78 Ill.Dec. 940, 462 N.E.2d 1294 (1983).

Parker filed a petition for a writ of habeas corpus with this court claiming, first, that his indictments and convictions resulted from perjured testimony and conspiratorial state action and, secondly, that the preponderance of the evidence before the trial court established that he was insane at the time the offenses were committed. In response, the State ("respondent") has filed a motion to dismiss petitioner's first claim and grant summary judgment in

their favor regarding petitioner's second claim. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 2254 (1976). For the reasons stated below, this Court grants respondent's motion to dismiss and motion for summary judgment and denies petitioner's writ.

## DISCUSSION

Petitioner seeks federal habeas corpus relief based upon claims of perjury and conspiracy on the part of state officials. A writ of habeas corpus may be granted, however, only where the grounds upon which that relief is sought have not been "waived" by the petitioner in state court. The principle of waiver in habeas corpus law holds that if a failure to present a defense at trial may be construed as an intentional forfeiture or abandonment of that defense, such a failure constitutes a waiver of the defense and therefore it may not be used later in a habeas petition. *United States ex rel. Broadnax v. DeRobertis*, 565 F.Supp. 327, 330 (N.D.Ill.1983). The standard for determining whether such a failure constitutes a waiver of the defense is a showing of cause for failing to raise the issue in a timely manner and a showing of actual prejudice from the errors alleged. *Davis v. United States*, 411 U.S. 233, 242–5, 93 S.Ct. 1577, 1582–4, 36 L.Ed.2d 216 (1973). Although petitioner knew of the purported circumstances of conspiracy and perjury at trial, he did not raise the issues there or in his appeal. The Court finds that the petitioner has not shown cause for failing to raise those issues and therefore they must be considered waived for the purpose of habeas review.

As the second ground of his habeas petition, Parker claims that the preponderance of the evidence before the trial court established that he was insane at the time the offenses were committed. This Court has stated in *United States ex rel. Banks v. McGinnis*, 563 F.Supp. 819 (N.D.Ill. 1983), *aff'd*, 746 F.2d 1482 (7th Cir., 1984) that a federal court on habeas must apply the "presumption of correctness" to state appellate court factual determinations, although it may draw different conclusions as to those facts found. Unless the con-

tested matter falls within the exceptions of paragraphs (1) through (7) of 28 U.S.C. § 2254(d) (1976), this Court must defer to the state court findings. *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). Thereupon the burden rests upon the petitioner to "establish by convincing evidence that the factual determination by the state court was erroneous." *Sumner,* 449 U.S. at 550, 101 S.Ct. at 770. (Footnote omitted.)

The question of the defendant's sanity at the time of the offense is a question of fact. *People v. Rockamann,* 79 Ill.App.3d 575, 35 Ill.Dec. 328, 399 N.E.2d 162, 168 (5th Dist.1979). Since the petitioner has not rebutted the state courts' factual determinations with "convincing evidence" and since none of the statutory exceptions exist, the Court will apply the "presumption of correctness" to these findings and uphold the trial and appellate courts' findings.

## CONCLUSION

For the reasons stated above, the state's motion to dismiss and motion for summary judgment are granted, and Parker's petition for a writ of habeas corpus is hereby denied.

IT IS SO ORDERED.