UNITED STATES of America ex rel. Albert Claude PARKER, Petitioner,

v.

J.W. FAIRMAN, Respondent.

No. 87 C 6392.

United States District Court, N.D. Illinois, E.D.

Sept. 20, 1988.

---

**ORDER**

BUA, District Judge.

This order concerns the cross motions for summary judgment filed by the parties contesting two of the grounds set forth in petitioner's July 20, 1987, petition for writ of habeas corpus. For the reasons stated herein, respondent's motion for summary judgment is granted. The petition for writ of habeas corpus is denied.

In February 1982, petitioner Albert Claude Parker was convicted of armed robbery and aggravated battery in the Circuit Court of Cook County, Illinois. The evidence showed that Parker beat and robbed a woman inside her car in a parking lot in downtown Chicago. Parker was sentenced to a total of 40 years of imprisonment, which he currently is serving. With the aid of a public defender, Parker appealed his conviction to the First District Appellate Court of Illinois. In affirming the trial court's decision, the appellate court rejected Parker's arguments that the State did not prove him guilty of either offense beyond a reasonable doubt and that the State failed to establish that he was sane at the time of the offenses. *People v. Parker,* 116 Ill.App.3d 1172, 78 Ill.Dec. 940, 462 N.E.2d 1294 (1983). The Supreme Court of Illinois denied Parker's petition for leave to appeal on December 6, 1983.

Shortly thereafter, Parker filed with this court his first *pro se* petition for a writ of habeas corpus. This court dismissed Parker's first habeas petition on December 3, 1984. *U.S. ex rel. Parker v. Fairman,* 608 F.Supp. 96 (N.D.Ill.1984). The United States Court of Appeals for the Seventh Circuit affirmed this court's decision, and the United States Supreme Court denied Parker's petition for a writ of certiorari. *U.S. ex rel. Parker v. Fairman,* 774 F.2d 1168 (7th Cir.1985), *cert. denied,* 474 U.S. 1066, 106 S.Ct. 822, 88 L.Ed.2d 794 (1986).

Subsequently, Parker filed with this court another *pro se* petition for writ of habeas corpus. This petition, which currently is before the court, sets forth three arguments to support the issuance of the writ. By order of October 21, 1987, this court granted respondent's motion to dis-

Albert C. Parker, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by Marcia L. Friedl, Asst. Atty. Gen., Chicago, Ill., for respondent.

miss this petition with respect to Parker's argument that his conviction was the result of perjured testimony and conspiratorial action by the State. The court held that this argument had been fully adjudicated in Parker's first habeas petition.

■ However, Parker's other two arguments survived the motion to dismiss. The court held that Parker's failure to raise these arguments in his first habeas petition did not preclude him from raising them in his subsequent habeas action.[1] Both parties have submitted motions for summary judgment concerning the remaining two arguments.

■ The first of these two arguments which Parker advances is that he was denied due process of law because his trial resulted in a conviction based on insufficient evidence. Parker claims that the evidence was so insufficient that no rational trier of fact could have found him guilty beyond a reasonable doubt of armed robbery or aggravated battery.

In support of this argument, Parker points out numerous inconsistencies in the testimony and evidence presented at trial by the State. For example, at trial, the victim testified that Parker used a piece of glass and a block of concrete in his attack on her. A police officer also testified for the State that immediately after the incident the victim told him that Parker had used these objects. However, neither of the two police reports filed concerning the incident mention the use of a weapon. In addition, the 6″ × 6″ block of concrete allegedly used in the attack was not found or reported by the police immediately after the incident. It turned up after police searched the car the next day.

At trial, both the victim and a police officer also testified that there was blood on the block of concrete discovered in the car. However, Parker points out that no blood was detected by the crime lab which examined the concrete and, again, neither the concrete nor the blood were mentioned in the police reports.

■ Parker argues that these inconsistencies form a basis on which this court should enter a writ of habeas corpus because they demonstrate the insufficiency of the evidence with which he was convicted of armed robbery and aggravated battery. The court disagrees. In reviewing a habeas petitioner's insufficiency of evidence claim, a federal district court is bound to view the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The court is not required to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt but, rather, to determine whether *any* rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *Id.*

In Parker's case, his conviction was not beyond the scope of a rational trier of fact. The State presented some evidence going to each element of the crimes with which Parker was convicted. Although the inconsistencies which Parker points out do call into question some of the testimony and evidence presented by the State, these inconsistencies are not so inexplicable or overwhelming as to prevent a rational trier of fact from finding Parker guilty beyond a reasonable doubt. The trier of fact had the opportunity to assess the credibility of the witnesses and to hear the impeachment tactics proffered by defense counsel. In

1. Under Rule 9(b) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, a successive habeas petition may be dismissed if it fails to allege new or different grounds for relief and the prior determination was on the merits, or if new and different grounds are alleged and the court finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ. Where, as in Parker's case, a subsequent petition sets forth grounds different from those in the previous petition, the State has the burden to show that the subsequent action was an abuse of the writ. *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). Because in this case the State did not show that Parker's failure to raise his new grounds in his earlier petition was the result of deliberate omission or inexcusable neglect, the State did not meet its burden. *Mays v. Balkcom*, 631 F.2d 48, 51 (5th Cir.1980); *Paprskar v. Estelle*, 612 F.2d 1003, 1006 (5th Cir.1980).

weighing all of the evidence, a rational trier of fact could have found the impeachment value of these inconsistencies substantially outweighed by the strength of the other aspects of the State's case. Therefore, Parker's argument that a writ of habeas corpus should issue on these grounds is rejected.

■ Parker's other argument in support of his habeas petition is that he was denied effective assistance of appellate counsel. Parker claims that the public defender did not present a competent appeal of his case to the Illinois Appellate Court. However, Parker's claim is unfounded. Parker's appellate counsel presented strong arguments that Parker's armed robbery and aggravated battery convictions should be reversed due to insufficient and inconsistent evidence which created more than a reasonable doubt. Counsel also presented a strong insanity argument on Parker's behalf. Although appellate counsel did not attack Parker's convictions based on perjury or fabrication arguments, as Parker would have liked, this did not amount to ineffective assistance of counsel. There is no indication that appellate counsel had any independent evidence or basis to support such arguments. Therefore, his representation did not constitute performance below that of a "reasonably competent attorney" and in no way prejudiced Parker. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

For the foregoing reasons, Parker's grounds to support his petition for a writ of habeas corpus are insufficient. Accordingly, respondent's motion for summary judgment is granted.

IT IS SO ORDERED.